

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-90,124-02

### IN RE STATE OF TEXAS EX REL. BRYAN GOERTZ, Relator

### ON MOTION FOR LEAVE TO FILE APPLICATION FOR WRIT OF PROHIBITION AND APPLICATION FOR WRIT OF PROHIBITION FROM CAUSE NO. 8701 IN THE 21ST JUDICIAL DISTRICT COURT BASTROP COUNTY

*Per curiam*. **Newell, J. not participating.**

## O R D E R

We have before us a motion for leave to file an application for a writ of prohibition and an application for a writ of prohibition. In May of 1998, a jury convicted Rodney Reed (real party in interest) of the capital murder of Stacey Stites. The jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article 37.071, and the trial court, accordingly, set Reed's punishment at death.[1] This Court affirmed

---

[1] Unless otherwise indicated all references to articles refer to the Code of Criminal Procedure.

Reed's conviction and sentence on direct appeal. *Reed v. State*, No. AP-73,135 (Tex. Crim. App. Dec. 6, 2000) (not designated for publication).

In 1999, Reed filed his initial post-conviction application for a writ of habeas corpus in the convicting court. In 2001, Reed filed his "Supplemental Claim for Relief on Application for Writ of Habeas Corpus" in the convicting court.[2] This Court subsequently denied Reed relief on his initial application and dismissed the subsequent application pursuant to Article 11.071 § 5. *Ex parte Reed*, Nos. WR-50,961-01 and WR-50,961-02 (Tex. Crim. App. Feb. 13, 2002) (not designated for publication). Reed filed additional applications over the years, but no relief was granted.

In March 2015, Reed was scheduled for execution, but this Court stayed his execution to review claims raised in his sixth subsequent application. The Court ultimately denied relief on those claims, but it remanded the case again for review of two claims raised in his seventh subsequent application. *Ex parte Reed*, Nos. WR-50,961-07 and WR-50,961-08 (Tex. Crim. App. May 17, 2017) (not designated for publication). Upon return to this Court, this Court denied relief on the -08 remanded claims, dismissed the remaining -08 claims, and dismissed yet another subsequent writ application filed in 2018 (our -09). *Ex parte Reed*, Nos. WR-50,961-08 and WR-50,961-09 (Tex. Crim. App. June 26, 2019) (not designated for publication).

Upon completion of this litigation, the State, on July 12, 2019, filed a motion in the

---

[2] The Court construed applicant's "Supplemental Claim" as a subsequent application.

convicting court requesting that the court set Reed's execution date for November 20, 2019. The judge appointed to preside over the case (and one of the Respondents here), the Honorable Doug Shaver, issued an order setting Reed's execution date for November 20, 2019. On October 4, 2019, Reed's counsel filed in the trial court a "Motion For Withdrawal of Execution Date," a Supplement to that motion, and a "Motion To Declare Execution Date Void." On November 4, 2019, Reed asked the elected judge of the convicting court (and another Respondent here), the Honorable Carson Campbell, to set a hearing for his motions.

Believing that the elected judge of the convicting court does not have jurisdiction or authority to hold such a hearing, and believing neither the elected nor the appointed judge has jurisdiction or authority to rule on Reed's motions, Relator has asked this Court to issue a writ of prohibition prohibiting the respondent court from taking action on the motions. Relator specifically seeks to prohibit Respondent, the Honorable Carson Campbell, elected judge of the 21st District Court of Bastrop County, and Respondent, the Honorable Doug Shaver, sitting by assignment as the judge of 21st District Court of Bastrop County for Reed's case, from considering or ruling on Reed's motions. Relator also requests an expedited ruling on this matter from this Court.

Before this Court rules on Relator's motion for leave to file his application for a writ of prohibition, Respondents should have the opportunity to respond. Therefore, the Honorable Carson Campbell and the Honorable Doug Shaver shall respond to Relator's

prohibition pleadings by 4:00 p.m. on Wednesday, November 13, 2019.  The real party in interest, Reed, and the regional presiding judge, Judge Olen Underwood, may file responses within the same time period.  The Wednesday, November 13, 2019 hearing on the Reed case scheduled to be presided over by the Honorable Carson Campbell is stayed pending further order of this Court.

IT IS SO ORDERED THIS THE 12th DAY OF NOVEMBER, 2019.

Do Not Publish